**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 08-2185** |
| **THIRTY-FOUR THOUSAND ONE** ) | |
| **HUNDRED FIFTY AND 00/100** ) | |
| **($34,150.00) IN U.S. CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

The United States initiated this matter by the filing of a complaint (#1) on August 5, 2008. A Claim to Contest Forfeiture (#8) was filed on behalf of Claimants, Kevin Gilbert and Shannon Williams, by Attorney Blake Weaver on September 8, 2008. On October 20, 2008, the United States filed its Motion to Strike Claim Filed by Kevin Gilbert and Shannon Williams and Application for Entry of Default Against Kevin Gilbert and Shannon Williams and All Other Known and Unknown Potential (#10). That motion is presently before the Court. Claimants Gilbert and Williams have filed a response (#16). After reviewing the written submissions of the parties and the record herein, this Court now recommends pursuant to its authority under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Motion to Strike Claim Filed by Kevin Gilbert and Shannon Williams and Application for Entry of Default Against Kevin Gilbert and Shannon Williams and All Other Known and Unknown Potential **(#10)** be **GRANTED**.

A review of the record is necessary. The allegations in that portion of Plaintiff's motion entitled "Application for Entry of Default" are not contested. Claimants acknowledge that their answers (#11 and #12) filed November 5, 2008, were untimely. In their written response (#16), they emphasize lack of prejudice to the Government. They offer no explanation or excuse for their failure to timely answer the complaint. Claimants do offer the following:

> On September 15, 2008 during a Pre-Trial Conference between counsel and
> Magistrate Judge Bernthal, counsel for the Claimants inquired as to a timeline for
> resolution of this matter, and it is counsel's recollection that the Court indicated
> the matter was not of high priority. Counsel for the Claimants indicated he would
> provide Answers to the Special Interrogatories issued by the Plaintiffs, and file
> his Answer. Counsel for the Claimants mistakenly took the Court's statements in
> error, at least without making a formal motion for additional time to file and
> Answer.

(Claimant's Resp. #16, p. 3.)

The Court reviewed the record from the September 15, 2008, conference. There was a discussion of the answer in which counsel for the United States pointed out that no answer had been filed. Counsel indicated that she assumed that an answer would be filed and the case would move forward. Counsel for the Claimants indicated that the answer or answers would be filed by "Monday." The Monday following the conference was September 22, 2008. The Court noted that that would be "reasonable." As previously noted, the answers were not filed until November 5, 2008, approximately two weeks following the filing of the instant motion. In the opinion of the Court, nothing in the record from the September 15, 2008, conference would reasonably lead to a conclusion that Claimants could file their answer at their convenience. In fact, quite the opposite is true. The date of September 22, 2008, was clearly discussed and established as the date by which claimants would file an answer. No further extension was sought or granted.

Claimants do not challenge the legal authority set forth by the United States. They merely ask the Court to exercise its discretion to allow their untimely answer to stand. The United States does not question the fact that the Court does have this discretion. It argues that there is no justification for the Court to exercise its discretion in the manner sought by Claimants. This Court agrees.

Claimants have not been diligent. They have offered no good reason for being late. They were given an opportunity to file their answer by September 22, 2008, a date which their attorney proposed. Nevertheless, they failed to do so. As aptly pointed out by the United States, the failure to answer in a timely fashion deprives them of standing to file their claim. Accordingly, this Court recommends that claim **(#8)** should be **STRICKEN** and default judgment should be entered herein.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 10th day of December, 2008.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE